# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SABRINA JORDAN, <br><br> Plaintiff <br><br> v. <br><br> STERLING JEWELERS, INC. d/b/a KAY JEWELERS, <br><br> Defendant | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Telephone Consumer Protection Act)** |

## COMPLAINT

SABRINA JORDAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STERLING JEWELERS, INC. d/b/a KAY JEWELERS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in York, Pennsylvania 17408.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a specialty jewelry company with its main office located at 375 Ghent Road, Akron, Ohio 44333.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in late March 2015, and continuing through June 2015, Defendant repeatedly called Plaintiff on her cellular telephone.

14. When contacting Plaintiff on her cellular telephone, Defendant used

an automatic telephone dialing system and automated and/or pre-recorded messages.

16. Defendant's automated messages stated, "If this is Sabrina Jordan, please answer. If it is not, hang up now."

16. Plaintiff knows it was Defendant calling because she has spoken to male callers who identified themselves as calling on behalf of Defendant.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In early April 2015, Plaintiff spoke with Defendant and made it clear that she was unable to pay the alleged debt because she had just undergone open heart surgery and was not in a financial position to make payments.

19. Further, Plaintiff instructed that Defendant stop calling her on her cellular telephone.

20. Defendant heard Plaintiff's instructions to stop calling her cellular telephone.

21. Defendant, however, ignored Plaintiff's instructions to stop calling and revocation of any prior consent; rather, Defendant continued to call Plaintiff on her cellular telephone without her express prior permission.

22. Despite Plaintiff's request, Defendant continued to make automated, pre-recorded calls to Plaintiff's cellular telephone.

23. Between the time she revoked consent to receive calls and the filing of this Complaint, Plaintiff has received, on average, eight (8) to nine (9) calls per day from Defendant.

**DEFENDANT VIOLATED THE
TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice and without her express prior consent.

26. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for emergency purposes.

28. Defendant's calls to Plaintiff, in and after April 2015, were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SABRINA JORDAN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SABRINA JORDAN, demands a jury trial in this case.

                                      RESPECTFULLY SUBMITTED,

DATED: 07-21-15                KIMMEL & SILVERMAN, P.C.

                              By:*/s/ Craig Thor Kimmel*_____
                                  CRAIG THOR KIMMEL
                                  Attorney ID # 57100
                                  Kimmel & Silverman, P.C.
                                  30 E. Butler Pike
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888
                                  Fax: (877) 788-2864
                                  Email: kimmel@creditlaw.com